*John R. Wilson,* contra.

---

14426.   WILLIAMSON & CO. v. DODD.

STEPHENS, J.   1. A contract for a sale of cotton, which provides for immediate delivery, may be taken out of the statute of frauds by delivery of a part of the cotton contracted for, although such delivery be not made within the terms of the contract, where there is a delivery some days later, made and accepted and paid for under the terms of the contract.   Such departure from the terms of the contract, being by consent of both parties, constitutes a quasi new agreement, and such part execution will be treated as having been made under the terms of the contract, and therefore operate to take the contract without the statute of frauds.   See Civil Code (1910), § 4227.

2. Upon the same principle, as establishing a novation by departure, the time for delivery as to the remainder of the cotton not delivered and accepted was in this case, by the consent of parties, extended and fixed at a date in the future, where the seller, after having failed to make immediate delivery, instructed the purchaser to buy goods of the

character contracted for in the open market and charge the seller with the difference between the contract price and the market value; and, where the purchaser in pursuance of such instructions actually bought the goods, the time of such purchase was thereby fixed as the date of delivery, and the purchaser could sue on the contract and recover of the seller the difference between the contract price and the price which the purchaser paid for the cotton in the open market.

3. Where the purchaser in such a case brought suit against the seller to recover for a breach of the contract, it was error to sustain a general demurrer to the petition.

                    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

                    DECIDED FEBRUARY 8, 1924.

Action for breach of contract; from city court of Cartersville— Judge Townsend. January 8, 1923.

*C. N. Featherston, C. I. Carey, F. A. Hooper & Son,* for plaintiffs.